```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,           MEMORANDUM & ORDER
                                     09-CV-1037 (JS)
        – against –


SCOTT F. FRANKLIN,

                Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:    Douglas M. Fisher, Esq.
                  Solomon & Solomon P.C.
                  Five Columbia Circle
                  Albany, NY 12203

For Defendant:    No appearance
```

SEYBERT, District Judge:

Pending before the Court is a motion by Plaintiff, United States of America, for entry of a default judgment against Defendant, Scott F. Franklin ("Franklin"). For the reasons that follow, Plaintiff's motion is GRANTED.

## BACKGROUND

On March 12, 2009, Plaintiff commenced this action against Franklin for unpaid student loan payments. Thereafter, on March 28, 2009, Plaintiff served Defendant with the Summons and Complaint. Franklin having failed to answer, Plaintiff filed a motion for entry of default on June 8, 2009. The Clerk of the Court noted Franklin's default on June 11, 2009. Defendant has never contacted the Court in the seven months that this action has been pending.

## DISCUSSION

Plaintiff seeks a sum certain in this action; therefore, a detailed analysis of damages is unnecessary. Pursuant to a Certificate of Indebtedness issued by the U.S. Department of Education, Plaintiff defaulted on student loans with outstanding principal in the amount of $15,416.64. Plaintiff seeks to recover this amount, plus interest running from August 22, 2008. Interest accrues on the principal at the rate of $1.85 per day.

In addition to damages, Plaintiff seeks an award of costs. The Higher Education Act of 1965 provides that "a borrower who has defaulted on a loan made under this subchapter . . . shall be required to pay . . . reasonable collection costs." 20 U.S.C. §1091a (b)(1). "Collection costs" have been found to include attorneys' fees and costs. See United States v. Vilus, 419 F. Supp. 2d 293, 297 (E.D.N.Y. 2005). The Court finds that Plaintiff is entitled to recover attorneys' fees and costs, and turns to a determination of the amount of that recovery.

With regard to costs, Plaintiff seeks to recover $150, representing the filing fee pursuant to 28 U.S.C. § 241(a)(2). The United States is not required to pay a filing fee when initiating an action in federal court, no such payment is reflected in the Civil Docket for this case, and the Plaintiff has not provided a receipt for payment of any filing fee. Thus, Plaintiff's application for the $150 in costs is DENIED.

Finally, Plaintiff seeks an award of attorneys' fees, yet

mentions no specific percentage.  In a recent, well-reasoned decision in this District regarding a default of a student loan, Judge Sifton concluded that a contingency arrangement that provides an award of 20% of the total debt "is neither unreasonable nor exorbitant."  <u>Vilus</u>, 419 F. Supp. 2d at 300.  In this case, the Court finds that 20% of the total debt is reasonable as well.  Accordingly, the Court finds that Plaintiff is entitled to attorneys' fees in the amount of $3,083.33.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for entry of default.  Accordingly, the Clerk of the Court is directed to enter a judgment in Plaintiff's favor in the amount of $15,416.64, plus interest at a rate of $1.85 per day, running from August 22, 2008, and in the amount of $3,083.33 in attorneys' fees.  Furthermore, the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     October   27  , 2009
           Central Islip, New York